UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARVIN EVANS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-4241** |
| **TAYLOR-SEIDENBACH, INC., ET AL** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is a motion by Defendant ExxonMobil Corporation ("Exxon") to Dismiss for Failure to State a Claim. R. Doc. 72. Having considered the briefing and the applicable law, the Court rules as follows.

**I.    BACKGROUND**

This case arises from Plaintiff Marvin Evans' apparent exposure to asbestos, which he alleges led to his diagnosis of malignant lung cancer in September of 2022. R. Doc. 1-2 at 3. Evans originally sued twenty-four manufacturers, insurers, and employers in the Civil District Court for Orleans Parish. *Id.* at 1-2. Defendant Huntington Ingalls Incorporated removed the suit to this Court on August 25, 2023, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 4 at 2.

Evans' lawsuit alleges that the was exposed to asbestos-containing products because of his employment, as a boilermaker, with various defendant companies. R. Doc. 1-2 at 3. Evans alleges that from 1969 to at least 1980, he worked at many sites, including those owned by Olin Kraft, International Paper Company, Shell USA, Inc., and Marathon Petroleum Company, LP. *Id.* At these worksites, Evans alleges that he used, handled, and/or was in the vicinity of others using asbestos-containing products, which subsequently caused his development of lung cancer. *Id.* Accordingly, Evans sued the defendant companies for their respective roles in causing his asbestos exposure. *Id.* at 3-14. Specifically, Evans contends that Defendants are liable under negligence and

strict liability theories. *Id.*

Several defendants have filed their answers to Ragas' complaint. The Defendants generally deny the negligence and strict liability claims. *See e.g.,* R. Doc. 14; R. Doc. 23; R. Doc. 24; R. Doc. 25; R. Doc. 27. Many defendants raise affirmative defenses, including comparative fault; failure to mitigate damages; improper venue; assumption of risk; third-party fault. *Id.*

On November 15, 2023, Exxon filed the instant motion. R. Doc. 72.

## II.  PRESENT MOTION

In its motion, Exxon first moves the Court to dismiss Evans' claim for punitive damages in connection with his claim that Exxon acted with negligence, recklessness, and/or gross negligence as a premises owner. R. Doc. 72-1 at 2. It argues that that the Louisiana statute providing for such recovery, La. Civ. Code art. 2315.3 came into effect after Evans' completed his employment with the defendant companies stated in his petition. *Id.* at 2-3. Further, Exxon argues that La. Civ. Code art. 2315.3 does not apply retroactively. *Id.* at 3. Thus, it argues his claims for punitive damages must be dismissed. *Id.*

Exxon additionally moves the Court to dismiss Evans' Petition for Improper Venue. *Id.* However, it raises the motion "out of an abundance of caution" and prays that the Court defer ruling on this motion pending completion of discovery. *Id.* at 4.

## III.  APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### IV.　ANALYSIS

Exxon brings to the Court's attention a peculiar motion. It moves the Court to dismiss Evans' claim for punitive damages should he seek such damages in connection with his allegations that Exxon acted "negligently, recklessly, willfully and/or because of wanton negligence . . . ." R. Doc. 72-1 at 2. Evans, however, does not expressly pray for punitive damages in connection with this allegation. In fact, Evans does not pray for punitive damages in any part of his Petition for Damages. Though the Court finds Exxon's argument compelling, it is improper for the Court to address, let alone issue a finding on the validity of such a claim at this time. Accordingly, the Court denies Exxon's 12(b)(6) motion as premature.

Further, the Court denies Exxon's 12(b)(3) Motion to Dismiss for Improper Venue. As pointed out by Exxon, this litigation is in its early stages. *Id.* at 3. Evidence that venue is not proper in this district or the fact that all defendants would not be amenable to this suit proceeding in this Court have yet to be proven. As a result, the Court also denies this motion as premature.

### V.　CONCLUSION

For the foregoing reasons, ExxonMobil Corporation's Motion to Dismiss for Failure to

State a Claim and Motion to Dismiss for Improper Venue, R. Doc. 72, are **DISMISSED** as **PREMATURE**. ExxonMobil Corporation reserves the right to re-urge its motions when the issues are ripe for judicial resolution.

New Orleans, Louisiana this 12th day of December, 2023.

_____
United States District Judge