UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARVIN EVANS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-4241** |
| **TAYLOR-SEIDENBACH, INC., ET AL** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is a motion by Defendant Georgia-Pacific Consumer Products LP ("Georgia-Pacific") to Dismiss for Failure to State a Claim. R. Doc. 99. Having considered the briefing and the applicable law, the Court rules as follows.

### I.     BACKGROUND

This case arises from Plaintiff Marvin Evans' apparent exposure to asbestos, which he alleges led to his diagnosis of malignant lung cancer in September of 2022. R. Doc. 1-2 at 3. Evans originally sued twenty-four manufacturers, insurers, and employers in the Civil District Court for Orleans Parish. *Id.* at 1-2. Defendant Huntington Ingalls Incorporated removed the suit to this Court on August 25, 2023, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 4 at 2.

Evans' lawsuit alleges that he was exposed to asbestos-containing products because of his employment as a boilermaker with various defendant companies. R. Doc. 1-2 at 3. Evans contends that from 1969 to at least 1980, he worked at many sites, including those owned by Olin Kraft, International Paper Company, Shell USA, Inc., and Marathon Petroleum Company, LP. *Id.* At these worksites, Evans alleges that he used, handled, and/or was in the vicinity of others using asbestos-containing products, which subsequently caused his development of lung cancer. *Id.* Accordingly, Evans sued the defendant companies for their respective roles in causing his asbestos exposure. *Id.* at 3-14. Specifically, Evans contends that Defendants are liable under negligence and

strict liability theories. *Id.*

Several defendants have filed their answers to Evans' complaint. The Defendants generally deny the negligence and strict liability claims. *See e.g.,* R. Doc. 14; R. Doc. 23; R. Doc. 24; R. Doc. 25; R. Doc. 27. Many defendants raise affirmative defenses, including comparative fault; failure to mitigate damages; improper venue; assumption of risk; and third-party fault. *Id.*

On November 15, 2023, Defendant Exxon filed a motion to dismiss for failure to state a claim. R. Doc. 72. Exxon sought to dismiss Evans' claim for punitive damages should he seek such damages in connection with his allegations that Exxon acted "negligently, recklessly, willfully and/or because of wanton negligence." R. Doc. 72-1 at 2. Exxon also argued that Evans filed suit in an improper venue. *Id.* at 3. However, because Evans had not actually prayed for punitive damages, and because venue could not be determined yet at that stage, this Court denied Exxon's 12(b)(6) motion as premature. R. Doc. 75 at 3.

On January 31, 2024, Evans' daughters sought to amend the complaint due to their father's passing. R. Doc. 91. In their motion to amend, the daughters asked to substitute themselves as Plaintiffs and add survivor and wrongful death claims to the Complaint, and noted that defense counsel had not objected to their request. *Id.* at 1. This Court granted the motion to amend on February 1, 2024. R. Doc. 92.

Two weeks later, Defendant Georgia-Pacific filed the instant Motion to Dismiss for Failure to State a Claim. R. Doc. 99.

II. **PRESENT MOTION**

Georgia-Pacific argues that the Evans daughters have not alleged a sufficient factual basis for their claim against Georgia-Pacific. *Id.* While the Evans daughters broadly state that their father was exposed to asbestos at a Georgia-Pacific worksite in Zachary, Louisiana, which contributed

to or caused his mesothelioma, Georgia-Pacific notes that these are the only facts they allege surrounding Georgia-Pacific's liability. *Id.* at 1-2. Significantly, Georgia-Pacific avers that it has never operated any facility in Zachary, Louisiana. *Id.* at 2. Therefore, Georgia-Pacific argues that there is not a sufficient factual basis for the daughters' claim against Georgia-Pacific. *Id.*

Plaintiffs did not file any opposition to Georgia-Pacific's motion.

### III.   APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### IV.   ANALYSIS

While Plaintiffs allege that their father was exposed to asbestos at a Georgia-Pacific worksite in their Amended Complaint, Georgia-Pacific states that it has never operated in Zachary, Louisiana. R. Doc. 99 at 1-2. Plaintiffs were provided an opportunity to oppose Georgia-Pacific's

motion, but failed to do so. Therefore, this Court will grant Georgia-Pacific's 12(B)(6) Motion to Dismiss for Failure to State a Claim because the daughters have not alleged sufficient factual information to support their claim for liability against Georgia-Pacific.

## V. CONCLUSION

For the foregoing reasons, Georgia-Pacific Consumer Products LP's Motion to Dismiss for Failure to State a Claim, R. Doc. 99, is **GRANTED**.

New Orleans, Louisiana this 18th day of March, 2024.

_____
United States District Judge